# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DOSHMEN JOHNSON,

                Petitioner,

        vs.

DAVID BAUGHMAN, Warden, California
State Prison, Sacramento,

           Respondent.

No. 2:16-cv-01362-JKS

ORDER
[Re: Motion at Docket No. 31]

      This Court denied Doshmen Johnson, a state prisoner represented by counsel, habeas

relief and a certificate of appealability on April 10, 2018. Docket Nos. 27, 28. Johnson timely

filed a notice of appeal on April 16, 2018. Docket Nos. 30. At Docket No. 31, Johnson moves

for leave to appeal *in forma pauperis*.

      Although Johnson's appeal is currently pending before the Ninth Circuit, "[t]he decision

to allow an appeal to proceed in forma pauperis remains within the jurisdiction of the trial court

after the filing of an appeal." *Zambrano v. Gipson*, No. LA CV 15-01794, 2016 WL 4040649, at

*1 (C.D. Cal. July 6, 2016) (citation omitted). A person may be granted permission to proceed

in forma pauperis if the person "submits an affidavit that includes a statement of all assets such

[person] possesses [and] that the person is unable to pay such fees or give security therefor.

Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the

person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th

Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not

just prisoner actions). "'[T]he supporting affidavits [must] state the facts as to [the] affiant's

poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647

F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)).

In support of his application, Johnson submits a declaration from counsel referencing Johnson's indigence and stating that counsel's representation is on a pro bono basis. Although his statement lacks specificity and fails to quantify his assets, assuming that he is being truthful in his application, Johnson is within the parameters necessary to grant an IFP application due to lack of assets. Accordingly, his application to proceed on appeal without the payment of a filing fee is granted.

The Court notes, however, that to proceed with his appeal, Johnson must apply for and receive a COA from the Ninth Circuit Court of Appeals. Fed. R. App. P. 22(b); 9th Cir. R. 22-1(d). The Ninth Circuit may issue a COA only if Johnson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If Johnson fails to make such a showing, and the Ninth Circuit does not issue a COA in his case, the grant of IFP status from this Court would be inconsequential.

**IT IS THEREFORE ORDERED THAT** the Motion for Leave to Proceed on Appeal in Forma Pauperis is **GRANTED**.

Dated: April 19, 2018.

                                   /s/James K. Singleton, Jr.
                                    JAMES K. SINGLETON, JR.
                                    Senior United States District Judge