IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOSHMEN JOHNSON,<br><br>                Petitioner,<br><br>        vs.<br><br>DAVID BAUGHMAN, Warden, California State Prison, Sacramento,<br><br>                Respondent. | No. 2:16-cv-01362-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 33] |

This Court denied Doshmen Johnson, a state prisoner represented by counsel, habeas relief on April 10, 2018.  Docket Nos. 27, 28.  Johnson timely filed a notice of appeal, Docket No. 30, and the Ninth Circuit Court of Appeals granted a certificate of appealability as to whether trial counsel was ineffective for failing to present cell phone records which would have shown that Johnson was not at the scene of the shooting, Ninth Cir. Case No. 18-15681, Docket No. 4.

While his appeal of the federal habeas petition was pending in the Ninth Circuit, Johnson filed a petition for writ of habeas corpus in the Sacramento Superior Court, Case No. 18HC00198, and the Ninth Circuit stayed the appellate proceedings pending resolution of that petition.  Ninth Cir. Case No. 18-15681, Docket No. 14.  After conducting an evidentiary hearing, the Superior Court denied Johnson's habeas petition.  Docket No. 37-6 at 68-90 (oral ruling).  Johnson then moved in the Ninth Circuit to remand the case to this Court to allow him to submit new evidence he alleges is material to the ineffective assistance claim currently pending before the appellate court.  Ninth Cir. Case No. 18-15681, Docket No. 26-1.

The Ninth Circuit denied the remand motion "without prejudice to [Johnson] seeking a limited remand in the event [this Court] issues an indicative ruling that it would entertain a Federal Rule of Civil Procedure 60(b) motion based on the evidence obtained during [Johnson's] second state court habeas petition."  Ninth Cir. Case No. 18-15681, Docket No. 29.  Johnson now moves in this Court for an order indicating that the Court would, upon remand from the Ninth Circuit, entertain a motion for relief from the final judgment pursuant to Rule 60(b). Docket No. 28.  Respondent opposes the motion.  Docket No. 39.  The Court has determined that oral argument is not necessary and would not assist the Court in its resolution of the motion.

## II.  LEGAL STANDARDS

It is well-settled that the "filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986).  When a Rule 60(b) motion is filed in district court after the filing of a notice of appeal, the district court lacks jurisdiction to entertain the motion. *Katzir Floor & Home Designs, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004).  "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the court of appeals], if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004).

The procedure for doing so is set forth in Rule 62.1(a), which provides that:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

If the district court issues an indicative ruling that it would either grant the motion or that there is a substantial issue, the appellate court then decides whether to remand the case for a ruling by the district court. *Knight v. Trimble*, No. C 10-00276, 2013 WL 6140743, at *2 (N.D. Cal. Nov. 21, 2013). A statement that the motion raises a substantial issue does not bind the district court to a particular ruling after remand. *Id.*

Rule 60(b) provides:

GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the district court. *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). A motion for relief based upon newly discovered evidence under Rule 60(b)(2) must be made "no more than a year after the entry of

3

the judgment or order or the date of the proceeding," but a motion based upon "any other reason that justifies relief," under Rule 60(b)(6) "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880  (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  Likewise, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes the filing of second or successive federal habeas corpus petitions.  Consequently, a Rule 60(b) motion is subject to AEDPA's restrictions on second or successive petitions when the motion seeks to present newly discovered evidence, add a new claim for relief, attack the resolution of a claim on its merits, or vacate a judgment based on a subsequent change in the law.  *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).  That bar does not apply, however, if the motion seeks only to address a defect in the integrity of the federal habeas proceedings.  *Id.* at 532.  "Put another way, a motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013).

## II.  DISCUSSION

Johnson moves this Court to issue a ruling indicating that it would, upon remand from the Ninth Circuit, entertain a Rule 60(b) motion based on the evidence obtained during Johnson's state court habeas petition.  Docket No. 37.  Johnson states:

The basis for petitioner's motion is new evidence developed during the course of a recent evidentiary hearing held in the California Superior Court.  This newly developed evidence includes: (1) testimony by three witnesses that petitioner used a cell phone bearing number 707-676-0475 throughout the night of April 13-14, 2008, the night of the shooting; (2) cell phone download reports created by the Sacramento District Attorney that connect the 707-676-0475 cell phone to petitioner on the night of the murder; (3) testimony by a cell network expert that establishes the cell phone in question was many miles from the scene of the shooting; and (4) testimony from the only witness to identify petitioner as the killer that her identification of petitioner was false.

*Id.* at 5-6.

But Johnson's proposed Rule 60(b) motion is procedurally barred by the AEPDA's restrictions on second or successive habeas corpus petitions.[1]  With respect to federal habeas petitions, a Rule 60(b) motion may not be used to "make an end-run around the requirements of AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions" set forth in 28 U.S.C. § 2244(b).  *Jones*, 733 F.3d at 833 (quoting *Calderon v. Thompson*, 523 U.S. 538 (1998)) (internal quotation marks omitted).  There is no "bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive [§ 2254] motion."  *Id.* at 834 (quoting *Washington*, 653 F.3d at 1060).  "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions."  *Id.* at 834 (citing *Gonzalez*, 545 U.S. at 532 n.5).  Specifically, the Supreme Court has listed "a motion . . . seek[ing] leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied" as a type of "claim[]" that might be

---

[1]     Because the Court finds that the AEDPA's bar on second or successive petitions is dispositive in this case, the Court declines to address whether the proposed Rule 60(b) motion would timely.

presented in a Rule 60(b) motion but would nonetheless be subject to the restrictions of §
2244(b).  *Gonzalez*, 545 U.S. at 531.

Under this authority, the Court would lack jurisdiction to grant Johnson's motion to
vacate, which is premised on new evidence in support of a claim that this Court already denied
on the merits.  Johnson may be arguing that his motion is reviewable by this Court because he
has made a valid showing of actual innocence.  Pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995),
a claim of actual innocence serves as a "gateway" through which a habeas petitioner may have
his otherwise untimely or procedurally barred claims heard, *McQuiggin v. Perkins*, 133 S. Ct.
1924, 1931-36 (2013).  Although AEDPA provides an actual innocence exception to the bar on
claims raised in successive petitions, *see* 28 U.S.C. § 2244(b)(2)(B), this "gateway" is narrower
than the one set forth in *Schlup*.  *See id.* at 1933-34 (describing the actual innocence exception
contained in § 2244(b)(2)(B) as more "constrained" than the miscarriage of justice exception set
forth in *Schlup*); *Cooper v. Woodford*, 358 F.3d 1117, 1119 (9th Cir. 2004) ("The AEDPA
requirements for a second of successive application are stricter than the *Schlup* standard in two
ways . . . . There is no requirement under *Schlup* that the factual claim was not discoverable
through the exercise of due diligence.  Second . . . [,] *Schlup* requires only that an applicant show
that it is 'more likely than not' that no reasonable fact-finder would have found him guilty.").

Furthermore, the Ninth Circuit has held that even if a petitioner can qualify for an
exception to AEDPA's bar on successive petitions, such as the actual innocence exception, he
must still seek permission from the Ninth Circuit before filing his petition in the district court.
*See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate
that he qualifies for one of these exceptions, he must seek authorization from the court of appeals

before filing his new petition with the district court.").  Review of the docket in this case does not establish that Johnson has either requested or received permission from the Ninth Circuit to file a successive petition.

## CONCLUSION

The Court finds that it is without jurisdiction to consider a motion for relief under Rule 60(b) based on the new evidence adduced at the evidentiary hearing on his state habeas petition. Accordingly, the Court concludes and indicates that Johnson has not raised a substantial issue and, if the Ninth Circuit were to remand, the Court would deny the proposed Rule 60(b) motion without prejudice to its refiling as a second or successive habeas petition in the event Johnson obtains the necessary permission from the Ninth Circuit to file such action in this Court.

**IT IS THEREFORE ORDERED THAT** the Court **DECLINES** to issue an indicative ruling that it would entertain a Rule 60(b) motion upon remand.  A motion for an indicative ruling is not appealable.  *See Evans v. Miller*, 850 F. App'x 515, 518 (9th Cir. 2021) (citing *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir. 2000)).  In an abundance of caution, the Court also declines to issue a certificate of appealability as to this Order.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003))).  Any further relief must be addressed to the Ninth Circuit Court of

Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

 Dated: September 3, 2021.

     /s/James K. Singleton, Jr.  

     JAMES K. SINGLETON, JR.

    Senior United States District Judge
